**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-40693

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ANTHONY TUFT,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CR-9)

March 12, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Anthony Tuft appeals his sentence for escape from an institutional facility in violation of 18 U.S.C.§ 751(a); specifically, Tuft challenges the district court's treatment of two past criminal convictions as "unrelated" under the Sentencing Guidelines. Finding no error, we affirm.

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Tuft began today's journey in 1986 when he submitted a false statement to a pawn shop in Austin, Texas in order to obtain a firearm. Tuft failed to disclose a previous felony conviction for unlawful possession of cannabis, in violation of federal law. Later the same day in Lockhart, Texas, Tuft created a disturbance in a bar. Lockhart police found Tuft intoxicated at the bar and saw him discard something near a trash barrel. Searching near the barrel, police recovered a .38 caliber pistol that Tuft later acknowledged to be the firearm he had purchased in Austin. While searching Tuft, police discovered a box of .38 caliber cartridges, a silver spoon, three syringes, and three plastic bags of cocaine. Police arrested Tuft for making a false statement in connection with purchase of a firearm in violation of 18 U.S.C. 922(a)(6) and for possession of illegal drugs.

The federal government charged Tuft with making a false statement in order to obtain a firearm, but it did not pursue the possession offense. Tuft pled guilty to making the false statement, claiming that he had purchased the pistol in order to protect his girlfriend from her ex-boyfriend. The court transferred his sentencing to the Western District of Washington under Fed. R. Crim. P. 20,[2] and that court sentenced Tuft to six

---

[2] The record does not reflect why the court transferred the case for sentencing, or under which subsection of Fed. R. Crim. P. 20 the case was transferred. The Rule generally provides that a defendant may plead guilty or *nolo contendere* in the original district court, waive trial, and consent to sentencing in another district court with an interest in the case.

months in prison with two and a half years probation. Apparently during this time Texas sought to prosecute Tuft for the possession charge, and put out a warrant for his arrest.

A few months after Tuft's release on probation, police in Washington State arrested him for possession of drugs. They discovered the outstanding warrant in Texas for the Lockhart possession charge. Texas extradited Tuft and sentenced him to seven years in prison, but paroled him four months after sentencing. Two months after he began parole, Tuft robbed a bank in Spokane, Washington. The Eastern District of Washington revoked his parole for the false statement charge and sentenced him to an eighteen-month term for violating parole, to be served consecutive to his bank robbery sentence. During sentencing, and without objection from the government, the district court apparently took the recommendation of Tuft's parole officer to count his prior convictions for false statement and possession as a single offense under the guidelines for purposes of calculating Tuft's criminal history. After serving sixty-three months for bank robbery, Tuft began his sentence for breaking parole at the Land Manor community correction center. About two weeks later, Tuft signed out of the facility and did not return. Police found him hiding under a bed in a house in Beaumont, Texas three weeks later.

Tuft pled guilty to one count of escape from an institutional facility. Tuft's pre-sentence report ("PSR") assigned a base offense level of thirteen, subject to a two-level decrease for

acceptance of responsibility and a four-level decrease because he was incarcerated in an unsecured community corrections center. The PSR credited Tuft with nine criminal history points for past criminal convictions, treating his conviction for cocaine possession and his conviction for lying to obtain a firearm as unrelated offenses. His final adjusted offense level was seven with a criminal history category of V, resulting in a punishment range from twelve to eighteen months. The district court sentenced Tuft to eighteen months with a three-year term of supervised release.

Tuft filed this timely appeal, arguing that the district court improperly treated the possession and false statement charges as unrelated for sentencing purposes. Because the number of convictions increases criminal history points, and because the United States Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2(a)(2) (1995) treats related offenses as a single offense, Tuft argues that the district court improperly computed his criminal history. Further, Tuft points out that the district court in the Eastern District of Washington, when sentencing him for bank robbery, treated the offenses as related when calculating his criminal history. Thus, contends Tuft, the government is collaterally estopped from claiming the offenses are unrelated in this action.

We review a district court's application and interpretation of

the sentencing guidelines *de novo* and the district court's findings of fact for clear error. *United States v. Domino*, 62 F.3d 716, 719 (5th Cir. 1995). Three characteristics support a finding that prior convictions are "related" for purposes of the sentencing guidelines: (1) the offenses occurred on the same occasion, (2) the offenses were part of a single common scheme or plan, or (3) the offenses were consolidated for trial or sentencing. U.S.S.G. § 4A1.2, comment. (n.3); *United States v. Garcia*, 962 F.2d 479, 480 (5th Cir.), *cert. denied*, 506 U.S. 902, 113 S. Ct. 293, 121 L. Ed. 2d 217 (1992). In this case, the two offenses are for drug possession and for making a false statement to obtain a firearm. One offense occurred in Lockhart, the other in Austin. Therefore they did not occur on the same occasion, even though police discovered the firearm during the same arrest in which they discovered the cocaine. The two offenses were not part of a common scheme or plan, since Tuft claimed that he purchased the pistol to protect his girlfriend. Patently, the cocaine would do little to further that plan. Finally, the offenses were not tried by the same sovereign, much less consolidated for trial or sentencing. The United States convicted Tuft for the false statement, whereas Texas convicted him for the possession charge. Therefore we find that the two offenses were not related for purposes of Tuft's criminal history under the sentencing guidelines.

We also find that the district court was not precluded by

collateral estoppel from finding that the two offenses were not related. Collateral estoppel, or issue preclusion, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194, 25 L. Ed. 2d 469 (1970); *United States v. Montes*, 976 F.2d 235, 239 (5th Cir. 1992), *cert. denied*, 507 U.S. 1024, 113 S. Ct. 1831, 123 L. Ed. 2d 459 (1993). Collateral estoppel therefore bars only the "reintroduction or relitigation of facts already established against the government." *Montes*, 976 F.2d at 239 (quoting *United States v. Mock*, 604 F.2d 341, 343 (5th Cir. 1979)).

The issue of relatedness was never litigated in the district court in the Eastern District of Washington. In that case, Tuft's probation officer assumed in Tuft's PSR that the two offenses were related under the guidelines. The government did not challenge this assumption, and it was never raised during sentencing. The court appears to have accepted the assumption, although it never discussed the issue in its order. On this record, we find that the issue of relatedness was never actually litigated or "established against" the government. Had the government in the bank robbery conviction contested the relatedness of the two prior offenses and the court decided that issue in Tuft's favor, the issue might properly be considered litigated. But a court's *sub silentio*

-6-

ruling, consistent with uncontested recommendations of a PSR, is neither a "factual finding" nor a determination on the merits. *See Montes*, 976 F.2d at 239. Therefore, the district court's consideration of the question, and determination that the offenses were not related, was the first true litigation of the issue. We find that the relatedness of the two offenses was therefore not "relitigated" in the district court below and that the court was not precluded from making this determination. *Id.* AFFIRMED.